MARY E. ROBISON v. THE CITY OF WHITE CITY.
No. 15,381. (94 Pac. 141.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*Defective Sidewalk—Notice—Verdict and Special Findings Inconsistent.* Where, in an action against a city for damages received on account of a defective sidewalk, the jury return a general verdict for the plaintiff, and with it present special findings of fact which show that the officers of the city did not have either actual or constructive notice of the defect prior to the injury, it is not error for the court to set aside the verdict and enter judgment in favor of the defendant for costs.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed February 8, 1908. Affirmed.

*M. B. Nicholson,* and *W. J. Pirtle,* for plaintiff in error.

*Roark & Roark,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: Mary E. Robison, in an action commenced in the district court of Morris county, recovered a judgment against the city of White City for damages sustained on account of a defective sidewalk in such city. The jury in the case returned special findings of fact with the general verdict. The court, upon these findings of fact, set aside the verdict and entered judgment for costs in favor of the city. This action of the district court is assigned as error. The findings read:

"(1) Ques. Did the defendant exercise ordinary care to maintain said sidewalk in a reasonably safe condition, at the time and place in question, for ordinary and usual travel? Ans. No.

"(2) Q. At the time and place in question was said sidewalk in a reasonably safe condition for ordinary and usual travel? A. No.

"(3) Q. If you should find that the sidewalk, at the time and place in question, was in a dangerous condition, state whether the defendant had either actual or constructive notice of any such condition. A. Not according to the evidence.

"(4) Q. How many feet west of the Walnut street sidewalk was it where plaintiff claims to have received her injuries? A. About five feet.

"(5) Q. If plaintiff received any injury at the time and place she alleges, was such injury caused by the negligence of the defendant, or was it the result of an accident, without negligence upon the part of any one? A. Yes, by defendant's negligence.

"(6) Q. When the sidewalk in question was constructed, was it constructed with reasonably good and sufficient material and workmanship? A. Supposed to be.

"(7) Q. If you find that said sidewalk was properly constructed, state whether or not the same was thereafter maintained in a reasonably safe condition for ordinary use and travel. A. Evidence at that time showed it out of repair.

"(8) Q. Did the mayor or any of the officers have any notice that there was a loose board, if there was

Robison v. White City.

one, at the particular place and time where plaintiff alleges she stumbled? A. No evidence.

"(9) Q. If you should answer the above question in the affirmative, then state what officer or officers had such notice and how or by whom they received the same. A. No evidence.

"(10) Q. If you should find that the sidewalk at the time and place in question was dangerously defective, state whether or not plaintiff had knowledge of its condition when she went upon it. A. Yes, she knew of its condition.

"(11) Q. If you should find that the sidewalk was dangerously defective at the time and place in question, state how long it had been in that condition. A. One to five weeks."

Instructions were given by the court that should be considered in construing the findings of fact. They read:

"You are instructed that it is not necessary that the defendant city should have had actual notice of the unsafe and dangerous condition of the sidewalk (if you find that the sidewalk was unsafe); if you find that such condition of said sidewalk existed a sufficient length of time before the injury to have enabled the defendant city or its officers and agents, by the exercise of ordinary care and diligence, to have known of the existence thereof, and remedied the same, then the law implies a notice to the defendant city of the existence of the condition."

"If the city authorities, knowing that a sidewalk or crossing is defective or unsafe, or, after having had sufficient time in the exercise of reasonable diligence and ordinary care to discover and repair any defect in the sidewalk, suffer it to remain in an unsafe condition, and if any person, while lawfully and in the exercise of ordinary care and prudence, passing over such sidewalk or crossing in such unsafe condition becomes injured by reason of such defect in the crossing, the city becomes liable in damages to the party injured."

The special findings of fact, when interpreted, show that the sidewalk was defective, and had been so from one to five weeks before the injury. None of the officers of the city had any notice of such defect. Finding.

No. 3 shows that the officers had neither actual nor constructive notice of the defect. If these findings be taken as they read, then the action of the court was proper.

We are asked to assume that the jury, notwithstanding the instructions of the court, did not distinguish between actual and constructive notice. We do not think such an assumption justifiable, in view of all that was stated in the court's charge to the jury concerning the duty and liability of the city where a defect had existed long enough to give reasonable opportunity for discovery and to make repair. It is true the court did not use the words "constructive notice," but the statement that the "law implies notice," as used, amounts to the same thing.

We see no reason for not accepting the special findings for what they say, and therefore the judgment of the district court is affirmed.